IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LINDA I. BURNETT, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 4:15CV00746-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Linda Burnett, appeals the final decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income and disability insurance benefits. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.     BACKGROUND**

On July 22, 2014, Ms. Burnett protectively filed for benefits due to back pain, deteriorating discs, diverticulitis, anxiety, depression, acid reflux, pain in joints, hips, back, knees, and neck, and headaches, which she asserts began July 2, 2014. (Tr. 12, 59) Her claims were denied initially and upon reconsideration. At Ms. Burnett's request, an Administrative Law Judge ("ALJ") held a hearing on June 16, 2015, where Ms. Burnett appeared with her lawyer. (Tr. 31-56) At the hearing, the ALJ heard testimony from Ms. Burnett and a vocational expert ("VE"). (Tr. 51-55)

The ALJ issued a decision on September 14, 2015, finding that Ms. Burnett was not disabled. (Tr. 12-22) On December 9, 2015, the Appeals Council denied Ms. Burnett's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Ms. Burnett, who is forty-six years old, went to the seventh grade in school but later earned a general equivalency diploma. (Tr. 32, 59, 367) She has past relevant work experience as a home

health aid and certified nurse's assistant. (Tr. 21)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Burnett had not engaged in substantial gainful activity since July 2, 2014, and she had the following severe impairments: musculoskeletal disorder, digestive disorder, and neurological disorder. (Tr. 14) However, the ALJ found Ms. Burnett did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 16)

According to the ALJ, Ms. Burnett has the residual functional capacity to perform a reduced range of light work. (Tr. 17) The VE testified that jobs available with these limitations were produce sorter, photocopy machine operator, and sausage inspector. (Tr. 22, 52-53)

After considering the VE's testimony, the ALJ determined Ms. Burnett could perform a significant number of other jobs existing in the national economy, and found Ms. Burnett was not disabled.

## III. ANALYSIS

### A. Standard of Review

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) (2005).

[2]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, a court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

### B. Ms. Burnett's Argument for Reversal

Ms. Burnett's arguments on appeal to the district court are that the ALJ 1) failed to develop the record with regard to her knee and mental impairments; 2) erred in finding her knee impairment and affective and anxiety disorders were non-severe; and 3) erred in his residual functional capacity assessment. (Pl.'s Br. 8-15.)

With regard to her argument about the ALJ failing to develop the record, Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, Plaintiff underwent both physical and mental consultative examinations, so the record was sufficient upon which to make an informed decision.

Plaintiff's strongest argument is whether her knee impairment should be considered "severe." MRI results from 2008 show "mild to moderate (grade II-III) chondromalacia of the patella." (Tr. 760-761) This is compelling evidence in support of her argument. But, as the Commissioner points out, there is other evidence showing Plaintiff is not substantially limited by her knee impairment.

(Tr. 347, 351, 453, 345, 342, 344, 385, 751, 746, 782)  Additionally, the more recent General Physical Examination by Michael Westbrook, M.D., supports the ALJ's decision in this regard. (Tr. 377-81)

As far as the ALJ's determination about Plaintiff's anxiety and affective disorders, the Mental Diagnostic Evaluation by Don Ott, Psy.D., supports the ALJ's determination.  Dr. Ott's report provides little evidence of disability.  To the contrary, Dr. Ott's evaluation supports the ALJ's conclusion that Ms. Cloninger is capable of performing work-related activities with the limitations noted in the opinion.  And I agree with the Commissioner that the overall treatment notes fail to support a contrary finding.  (Tr. 333-356, 391-400)

Plaintiff has not met her burden of proving she is disabled.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any <u>medically determinable</u> physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C.§ 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  Plaintiff's treatment records and medical evaluations simply do not show the existence of a disabling mental or physical impairment.

Plaintiff has advanced other arguments which I have considered and find to be without merit. Counsel has zealously advocated for her client but the medical evidence shows no proof of disability. Undoubtedly, Ms. Burnett experiences some degree of limitation and I do not take lightly the struggles she articulated at the administrative hearing.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial

4

evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Commissioner's decision is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 14th day of July, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE